IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DEBRA MARTINEZ,

      Plaintiff,

vs.                                                                   No. CIV 07-295 JEC/WDS

TARGET CORPORATION,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant Target Corporation's Partial Motion to Dismiss, filed April 17, 2007 (*Doc. 33*)("Motion"). At issue is whether Plaintiff's demotion claims (individual and class-wide) and class-wide discharge claims must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Having considered the Motion, the parties' submissions, the governing authority, and being otherwise fully advised, I find subject matter jurisdiction absent for Plaintiff's failure to exhaust administrative remedies and the Motion is granted.

**I.**     **Background**

Plaintiff Debra Martinez' fifteen-year employment with Defendant Target Corporation ended on August 23, 2005. Plaintiff filed a discrimination charge with the EEOC on December 27, 2005 and received a Notice of Right to Sue on September 19, 2006. On December 15, 2006, Plaintiff timely filed this individual and representative action in the Western District of Oklahoma, alleging that Target (1) wrongfully demoted her and others similarly situated and/or (2) terminated the employment of her and others similarly situated, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (ADEA). The case was transferred

to the District of New Mexico on March 7, 2007.  Defendant presently seeks partial dismissal for lack of jurisdiction over all Plaintiffs' would-be class claims and her individual demotion claims.

**II.     Discussion**

   **A.     The Tenth Circuit Distinguishes Between Failure to *Timely* File an EEOC Charge and Complete Failure to File a Charge; the Latter is a Jurisdictional Prerequisite to Filing Suit Notwithstanding *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1992)**

A plaintiff must exhaust her administrative remedies prior to bringing suit under the ADEA.  29 U.S.C. § 626(d); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).  "[E]ach discrete [discriminatory action] constitutes its own unlawful employment practice for which administrative remedies must be exhausted." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (quotation omitted).  Defendant moves for dismissal of (1) individual and class demotion claims and (2) class discharge claims, on the grounds that Plaintiff failed to assert these claims in her EEOC charge, she has accordingly failed to exhaust her administrative remedies on these claims, and this Court lacks subject matter jurisdiction over them.  Plaintiff responds in part by noting that Defendant raised "failure to exhaust" as an affirmative defense in its Answer to her Complaint, leading her to conclude that Defendant has waived its right to bring this 12(b)(1) Motion.  Response at 1-2.  In support of this position, Plaintiff cites *Zipes v. Trans World Airlines, Inc.* for the proposition that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).   While Plaintiff accurately states the law on *untimely* EEOC claims, here Defendant asserts that Plaintiff filed *no* charge with the EEOC, timely or otherwise.  In the Tenth Circuit, this distinction is

critical. That is, where no charge has been filed with the EEOC on a given claim, the federal courts have no jurisdiction to entertain that claim. *Douglas v. Norton*, 167 Fed. Appx. 698, 705 n.9 (10th Cir. 2006) ("Although some of our sister circuits have interpreted *Zipes* to mean exhaustion of administrative remedies under Title VII is not jurisdictional at all but rather a condition precedent or an affirmative defense subject to waiver, we have distinguished between the timely filing of a charge with the EEOC, which is not jurisdictional, and the failure to file such a charge at all, which is jurisdictional.") (citing *Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996)). In short, the questions raised are jurisdictional and, as such, are properly the subject of a 12(b)(1) motion.

### B.     The Documents Proper for the Court's Consideration on a 12(b)(1) Motion Establish That Plaintiff Failed to Exhaust Administrative Remedies on her Class and Demotion Claims

Plaintiff bears the burden of establishing by a preponderance of the evidence that subject matter exists on her claims. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002)(citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Because this matter involves a substantive challenge to the Court's subject matter jurisdiction, the Court exercises its broad discretion to consider extrinsic materials bearing on disputed facts without converting this to a Rule 56 motion. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995); *Davis ex. rel. Davis v. U.S.*, 343 F.3d 1282, 1296 (10th Cir. 2003). Further, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiffs's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2001). Here, the Court has considered the EEOC investigative file pertaining to Plaintiff's claims, attached as Exhibit A to Defendant's Reply

(hereinafter "Ex. A"), as well as the exhibits to Plaintiff's Response.

Plaintiff's claims are restricted to those that she asserted in her EEOC charge and those that are "reasonably related" to the allegations listed therein. *Arambru v. Boeing Co.*, 112 F.3d 1398, 1411 (10th Cir. 1997). A claim may be considered "reasonably related" when "conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made." *Deravin v. Kerik*, 335 F.3d 195, 200-01 (2nd Cir. 2003)(concluding that an allegation of preferential treatment for Irish-American employees fairly encompassed a discrimination claim against minority employees for purposes of exhaustion because EEOC was alerted to investigate race discrimination).

In support of her contention that she exhausted her demotion claims despite having complained to the EEOC only of "discharge" and not "demotion," Plaintiff contends that "additional information submitted by Ms. Martinez, but not included in the formal Notice of Discrimination," expresses her "inten[t] for the EEOC to investigate *all* discriminatory actions taken against her as a result of Target's age bias." Resp. at 3 (emphasis in original). Plaintiff does not specifically identify the source of this "additional information." Plaintiff merely asserts that because Target had the opportunity to question [her] during her deposition, which was taken while her EEOC Charge was pending, Target cannot "claim any type of 'surprise' or 'lack of notice' about the scope of the Charge." *Id.*

In support of jurisdiction for her putative class-wide claims, Plaintiff advances a similar argument that Target was on notice of class claims by virtue of her EEOC Charge, although the word "class" does not appear anywhere in her Charge. In support, Plaintiff asserts that "[a]s long as the EEOC and the company are aware of the nature and scope of the allegation, the purposes behind the filing requirements are satisfied." *Id.* at 3-4 (quoting *Thiesen v. General*

4

*Electric Capital Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001)).  Yet this excerpt from *Theisen* is merely half of one sentence, arguably dicta, wherein the *Thiesen* court was considering the propriety of allowing eight particular defendants, under the single-file rule,[1] to opt into a suit already properly filed by a similarly situated plaintiff who had exhausted the claim with the EEOC.  Read in context, then, the portion of *Theisen* quoted by Plaintiff neither stands for the general proposition that "awareness" by the EEOC is the test in this case, nor supports a determination that Plaintiff has constructively exhausted her administrative remedies.  It is, instead, inapposite.

     Defendant identifies, and the Court now determines, that nowhere in the file on Plaintiff's EEOC Charge is there an indication that Plaintiff was asserting any class or demotion claims against Target.  Moreover, it is true that "notice to [D]efendant does not suffice to satisfy [P]laintiff's obligation to administratively exhaust her claims."  Reply at 5 (citing *Showalter v. Weinstein*, 2007 WL 1241630 at *4 (10th Cir. 2007)) ("To accept [Plaintiff's] position, that notice [to the employer] is all it takes to satisfy the requirements of exhaustion, would be tantamount to ignoring the applicable regulatory framework.").  After a thorough review of Exhibit A and all of Plaintiff's submissions, the Court concludes that in her Charge to the EEOC, Plaintiff complained only that she was fired because of her age.  Accordingly, Plaintiff has not exhausted her administrative remedies on any demotion claims or on class-wide discriminatory termination claims.

     In summary, the Court lacks subject matter jurisdiction over Plaintiff's putative class-

---

[1] Federal courts "'universally hold that an individual who has not filed an administrative charge can opt-in to a suit filed by any similarly situated plaintiff under certain conditions.'" *Anson v. Univ. of Tex. Health Sci. Ctr.*, 962 F.2d 539, 540 (5th Cir. 1992)).  This is known as the "single file" rule, which is not in play here.

wide and demotion claims because such claims have not been administratively exhausted. Accordingly, those claims must be dismissed.

WHEREFORE,

**IT IS ORDERED** that Defendant Target Corporation's Partial Motion to Dismiss, filed April 17, 2007 (*Doc. 33*) is **GRANTED** and Plaintiff's (1) class-wide claims and (2) individual claims for wrongful demotion are hereby dismissed without prejudice.

Dated February 14, 2008.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:

    Jana Beth Leonard, Esq.
    Leonard & Associates
    Oklahoma City, OK

    Jason Leonard. Esq.
    Norman, OK

    Jim T. Priest, Esq.
    Timothy D. Eisel, Esq.
    Whitten, Burrage, Priest, Fulmer, Anderson & Eisel
    Oklahoma City, OK

    Daniel M. Faber, Esq.
    Albuquerque, NM

Attorneys for Defendant:

    David Turner Wiley, Esq.
    Jackson Lewis, LLP
    Birmingham, AL

    Randall Allen Breshers, Esq.
    Monnett, Haynes, Bullis, Thompson & Edwards
    Oklahoma City, OK

    Shannon Leigh Miller, Esq.
    Thomas Andrew Davis, Esq.

Jackson Lewis, LLP
Birmingham AL

Charles J. Vigil, Esq.
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, NM